J-S51022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.J.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.W.F. | : | |
| | : | |
| Appellant | : | No. 1004 MDA 2020 |

Appeal from the Order Entered June 25, 2020
In the Court of Common Pleas of York County Civil Division at No(s):
1369-SA-2013

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 17, 2021**

T.W.F. ("Father") appeals from the order obliging him to pay child support to C.J.F. ("Mother") for two minor children. Father argues the court's allocation of the children's additional expenses in proportion to the parties' incomes, rather than by splitting them equally, was unjust. We affirm.

Father and Mother, formerly spouses, share equal custody of their two minor children. The court ordered Father to pay child support starting in 2017. In March 2020, Father filed a petition for modification of the existing support order, alleging an increase in both Mother's income and the children's expenses.

Following a support conference before a York County Domestic Relations officer, the officer calculated the parties' incomes and children's expenses and proposed a modified order of support. The court adopted the officer's proposal, and entered a corresponding modified support order on April 6, 2020. The

court found Father's monthly net income was $4,473.18 and Mother's monthly net income was $3,325.68, and that the parties shared custody equally. The court ordered Father to pay $532.71 per month for support, plus arrears. The court also ordered Father to provide medical insurance, and to pay 57% of the unreimbursed medical expenses that exceeded $250 per child, annually. The order specified that it included Father's costs for health insurance and horseback riding lessons, and Mother's costs for childcare and karate lessons, which the parties agreed to have included in the order. Modified Support Order, 4/6/20, at 3 of 4. The monthly support award ordered by the court included a 57% contribution by Father toward these additional expenses.[1]

Father requested a hearing *de novo*, and the court held the hearing.[2] Father argued against the court's allocation of the unreimbursed medical

---

[1] The copy of the order included in the certified record does not include a breakdown of the support calculation. However, in the reproduced record submitted by Father and unchallenged by Mother, Father included the worksheets used by the conference officer to calculate support. These show the monthly support obligation was comprised of $573.75 for basic child support (representing an equalization of the parties' incomes), an additional $45.89 in childcare (57% of total childcare cost), reduced by $25.55 that Father paid in medical insurance premiums (57% of cost of premiums), and further reduced by $61.38 (the remaining portion of 57% of the cost of horseback riding and karate lessons, after considering the portion Father paid directly).

[2] A transcript of the hearing is not included in the certified record. ***See also*** Trial Court Opinion, 8/7/20, at 1-2 (noting Father failed to request a transcript). The docket also reflects Father filed a memorandum of law on June 19, 2020, but the memorandum is not in the certified record. Because our resolution of this appeal is not dependent upon the contents of the hearing transcript or Father's memo, we will not quash this appeal.

expenses and additional expenses in proportion to the parties' net incomes, considering that the court had ordered a basic support amount pursuant to Rule 1910.16-4(c)(2) that equalized the parties' incomes.

The court determined that it had allocated the expenses appropriately according to Rule 1910.16-6. Trial Court Order, July 10, 2020, at 2, 4. The court stated it "is constrained by the rules with regard to the equalization of income and the allocation of additional expenses." **Id.** at 3; **see also** Trial Ct. Op. at 4 ("The Court advised the parties at the time of the *de novo* review hearing that [it] would not make a decision which was contrary to the plain language of the Rule. The calculation was made in line with the letter of the Rule and is therefore correct") (italics added). It also found "[t]here is no indication that the expenses are not reasonable," and that "Father does indicate that it does not seem to affect an equitable determination." Trial Ct. Order at 2. The court reaffirmed the order of April 6, 2020. **Id.** at 3, 4.

Father appealed, and raises the following:

1. Is there a conflict between Pennsylvania Rules of Civil Procedure 1910.16-4(c) and 1910.16-6?

2. Does the conflict between the Rules result in an obligor shouldering a greater share of childcare expenses, health insurance premiums, and other expenses of the children, despite the parties sharing custody of the children equally, and despite the equalization of incomes by adjustment of the child support pursuant to Rule 1910.16-4(c)?

T.W.F.'s Br. at 3 (suggested answers omitted).

Mother argues that Father's brief and Pa.R.A.P. 1925(b) statement are deficient because neither document explicitly alleges an abuse of discretion or error of law and that we should therefore dismiss this appeal. We decline to dismiss. The obvious point Father is making is that the trial court committed an error of law by failing to construe the Rules of Civil Procedure in the manner he suggests.

The standard of review governing an order for child support is abuse of discretion. **Hanrahan v. Bakker**, 186 A.3d 958, 966 (Pa. 2018). "[A] court abuses its discretion if it exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record." **Id.** We will only disturb a support order if "the trial court failed to consider properly the requirements of the rules governing support actions." **Id.** To the extent the issues involve interpretation and application of the Rules of Civil Procedure, which are questions of law, we employ a *de novo* standard of review and plenary scope of review. **Id.**

Father does not specifically claim the court erred or abused its discretion, but contends the court should have applied the Rules of Civil Procedure differently when apportioning the children's additional expenses between the parties. Father argues the problem springs from a conflict between Rule 1910.16-4(c)(2), which provides for the equalization of incomes, and Rule 1910.16-6, which provides for the allocation of additional expenses.

Father claims that in cases where the parties have similar incomes and share equal custody, Rule 1910.16-4(c)(2) acts to provide for the equalization of the parties' incomes in order to put both parties on equal footing to provide basic support for their children. Rule 1910.16-6 then provides for the court to allocate the additional expenses in proportion to the parties' incomes. Father argues that when the parties share equal custody and the parties' incomes have been equalized under Rule 1910.16-4(c)(2), the court should allocate any additional expenses under Rule 1910.16-6 in proportion to the parties' *equalized* incomes – *i.e.*, split 50-50. Father argues that allocating additional expenses according to the pre-equalized incomes vitiates the purpose of Rule 1910.16-4(c)(2) and leads to an inequitable result.

Father argues that because the parties share equal custody, and the basic support ordered by the court in this case equalizes the parties' incomes, Father should only have to pay for 50% of the children's health insurance premiums, childcare, and horseback riding and karate lessons, rather than 57%. Father argues the difference is costing him an additional $44 per month.

A trial court is obligated to award child support in accordance with the Support Guidelines established by the Pennsylvania Supreme Court, which are contained in Rules 1910.16-1 through 1910.16-7 of the Rules of Civil Procedure. 23 Pa.C.S.A. § 4322; Pa.R.C.P. 1910.16-1. When construing the Rules of Civil Procedure, our object "is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). However, "[w]hen the words of a rule are clear and free from all ambiguity, the letter of it is not to be

disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). Only when the words are not explicit do we attempt to glean the intention of the Supreme Court through consideration of the object of the rule or the consequences of any particular interpretation. Pa.R.C.P. 127(c).

Subdivision (c)(2) of Rule 1910.16-4 controls the calculation of the basic support obligation when children share equal time with their parents. **See** Pa.R.C.P. 1910.16-4(c)(2). This subdivision states, in relevant part, "If the parties share custody equally and the [above] support calculation results in the obligee receiving a larger share of the parties' combined income, then the court shall adjust the support obligation so that the combined monthly net income is allocated equally between the two households." **Id.** Subdivision (c)(2) provides two examples where application of the normal support calculation would result in the obligee obtaining more than half of the parties' combined incomes, despite the parties sharing equal custody, and so the subdivision is applied to equalize the parties' incomes instead of utilizing the normal support calculation.[3] Subdivision (c)(2) specifies that its application

_____

[3] Prior to the examples, Subdivision (c)(2) states in its entirety:

> Without regard to which parent initiated the support action, when the children spend equal time with their parents, the Part II formula cannot be applied unless the obligor is the parent with the higher income. An order shall not be entered requiring the parent with the lower income to pay basic child support to the parent with the higher income. However, this subdivision shall not preclude the entry of an order requiring the parent with less income to contribute to additional expenses pursuant to Pa.R.C.P. No.

"shall not preclude the entry of an order requiring the parent with less income to contribute to additional expenses pursuant to Pa.R.C.P. No. 1910.16-6." *Id.*

Rule 1910.16-6, in turn, controls the allocation of additional expenses between the parties, "[i]f a basic support order is inappropriate under the facts of the case." Pa.R.C.P. 1910.16-6. Specific subdivisions of Rule 1910.16-6 provide for the allocation of the additional expenses including childcare expenses, health insurance premiums, unreimbursed medical expenses, mortgage payments, and "other needs," such as private school tuition and summer camp. *See* Pa.R.C.P. 1910.16-6(a)-(e).

Rule 1910.16-6 has a preamble that states that the court shall allocate the additional expenses according to the parties' proportionate incomes, after accounting for the payment or receipt of spousal support or alimony *pendente lite*:

---

1910.16-6. Based upon the evidence presented, the trier of fact may enter an order against either party without regard to which party initiated the action. If the parties share custody equally and the support calculation results in the obligee receiving a larger share of the parties' combined income, then the court shall adjust the support obligation so that the combined monthly net income is allocated equally between the two households. In those cases, spousal support or alimony *pendente lite* shall not be awarded.

Pa.R.C.P. 1910.16-4(c)(2).

> Except for the subdivisions (b)(4) and (e) expenses,[4] the trier-of-fact shall calculate the parties' proportionate share of the additional expenses after adjusting the parties' monthly net income by the monthly spousal support or alimony *pendente lite* amount received or paid, and then dividing each party's adjusted monthly net income by the parties' combined monthly net income. However, the trier-of-fact shall not adjust the parties' monthly net incomes when apportioning the expenses in child support only cases.

Pa.R.C.P. 1910.16-6.

Based on a plain reading of the two Rules at issue, there is no conflict in their simultaneous application. Rule 1910.16-4(c)(2) specifically states that in addition to the basic support, the court may also allocate additional expenses between the parties pursuant to Rule 1910.16-6. Rule 1910.16-6 in turn provides that the court shall allocate these expenses in proportion to the parties' respective incomes. While Rule 1910.16-6 specifies that the parties' incomes may be adjusted to account for the payment of spousal support or alimony *pendente lite*, it does not permit an adjustment for the payment or receipt of basic child support. It plainly states that "the trier-of-fact shall not adjust the parties' monthly net incomes when apportioning the expenses in child support only cases." Pa.R.C.P. 1910.16-6.

Thus, while the court ordered an amount of basic support that would equalize the parties' incomes pursuant to Rule 1910.16-4(c)(2), it correctly applied Rule 1910.16-6 in apportioning the additional expenses based on the

---

[4] The expenses addressed by these subsections (health insurance premiums where the obligee has minimal income, and mortgage payments) are not at issue in this case.

parties' pre-support incomes. As the court did not err or abuse its discretion in applying the Guidelines, and Father did not make an argument that the court should deviate from them,[5] we affirm the order of support.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021

---

[5] **See** Pa.R.C.P. 1910.16-5.